UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,    **ADOPTION ORDER**
JOSEPH A. FERRARA, SR., MARC HERBST,    14-cv-6899(ADS)(ARL)
DENISE RICHARDSON, and THOMAS
CORBETT, as Trustees and fiduciaries of the
Local 282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282 Annuity Trust
Fund, the Local 282 Job Training Trust Fund,
and the Local 282 Vacation and Sick Leave
Trust Fund,
               Plaintiffs,

     -against-

CHUNG INDUSTRIES, INC.,
               Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Trivella & Forte LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
    By: Jael Dumornay, Esq.
        James Robert Grisi, Esq., Of Counsel
   .

**SPATT, District Judge**.

On November 24, 2014, the Plaintiffs, Thomas Gesualdi, Louis Bisignano, Anthony

D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc

Herbst, Denise Richardson, and Thomas Corbett as Trustees and fiduciaries of Local 282

Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the

Local 282 Job Training Trust Fund and the Local 282 Vacation and Sick Leave Trust Fund

(collectively, the "Plaintiffs") commenced this action against the Defendant Chung Industries,

Inc. (the "Defendant") for violations of the Employee Retirement Income Security Act of 1974,

1

29 U.S.C. § 1145 and § 1132(a), *et seq.*, and the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

On February 5, 2015, the Clerk of the Court noted the default of the Defendant.

On June 29, 2015, the Plaintiffs moved for a default judgment, which motion the Court referred to United States Magistrate Judge Arlene R. Lindsay for a report recommending whether a default judgment should be granted, and if so, whether damages should be awarded.

On February 29, 2016, Judge Lindsay issued a report (the "R&R") recommending that the Plaintiff's motion be granted and damages be awarded in the total amount of $250,118.71.1, which consists of (1) $51,182.75 in unpaid contributions; (2) $20,351.48 in interest on the unpaid contributions, plus additional daily interest in the amount of $25.24 accruing from July 1, 2015 through the date judgment is entered; (3) $20,351.48 in liquidated damages on the unpaid contributions, plus additional daily interest in the amount of $25.24 accruing from July 1, 2015 through the date judgment is entered; (4) $114,056.20 in estimated contributions; (5) $15,117.55 in interest on the estimated contributions, plus additional daily interest in the amount of $56.25 accruing from July 1, 2015 through the date judgment is entered; (6) $22,811.21 in liquidated damages on the estimated contributions; (7) $318.32 in interest on the late-paid contributions; (8) $1,480.42 in liquidated damages on the late-paid contributions; (9) $1,560.00 in audit fees; and (10) $4,449.30 for attorney's fees and costs.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 19, 2016 R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL

520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment for the Plaintiffs and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
March 31, 2016

                                            _/s/ Arthur D. Spatt_
                                            ARTHUR D. SPATT
                                      United States District Judge